IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

SEDOFIO SOSSOU FOLLY,

           Defendant.

8:17CR14

ORDER

      This matter is before the Court on the following motions filed by Defendant, Sedofio Sossou Folly: Motion to Compel Disclosure of Promises, Leniency or Preferential Treatment (Filing No. 44); Motion for Disclosure of Confidential Informants (Filing No. 45); and Motion for List of Witnesses and Witness Statements (Filing No. 46).

      Defendant's first motion requests that the government disclose information regarding the existence of any promises or agreements for leniency or preferential treatment, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). (Filing No. 44). The government acknowledges its obligation to produce such evidence under *Gilgio*, and represents to the Court that it will disclose to Defendant within fourteen days of trial any additional *Giglio* information not already provided to Defendant. (Filing No. 53 at p. 3). Therefore, the Court will grant Defendant's Motion to Compel (Filing No. 44) to the extent that the government shall provide Defendant with any additional information pursuant to *Giglio* within fourteen (14) days of trial.

      Defendant next requests that the government disclose the identity of and information related to any confidential informant that supplied information to the government. (Filing No. 45). In response, the government represents that a confidential informant provided information to law enforcement in 2012, and that the identity of that informant was previously disclosed to Defendant in Rule 16 discovery materials. (Filing No. 53 at p. 3). Disclosure of a confidential informant is not mandated "unless it is vital to a fair trial." *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987). Therefore, Defendant's Motion for Disclosure (Filing No. 45) is granted to the extent that the government has a continuing obligation to disclose to Defendant the identity of any confidential informants vital to Defendant's right to a fair trial, unless otherwise ordered by the Court.

Finally, Defendant requests several items of other evidence, including: (1) the names and addresses of the government's witnesses; (2) written or recorded statements the government intends to use; (3) the names and addresses of persons with knowledge of those statements; (4) copies of "all" notes and memoranda created by state and federal agents investigating the case; and (5) any exculpatory evidence material to Defendant's defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (Filing No. 46). The government acknowledges its obligations to produce each of the above items, with the exception of (4), pursuant to Fed. R. Crim. P. 16 and 26.1, the Final Pretrial Order (which has not yet been filed), the Jenks Act, *Brady*, and *Giglio*. (Filing No. 53 at pp. 4-5).

With respect to item (1), the government states it will disclose its intended trial witnesses after entry of the Final Pretrial Order. Because the Final Pretrial Order has not yet been entered and no trial date has been set, the Court will deny as premature the portion of Defendant's motion requesting that the government identify the names and addresses of all witnesses it intends to call in its case-in-chief. With respect to Defendant's requests for (2) any additional written statements that the government intends to use, (3) the names and addresses of persons with knowledge of those statements, and (5) any *Brady* material, the government shall promptly produce such evidence as required by the above rules and case law, to the extent that it has not already been produced.

The Court will deny Defendant's motion to the extent he requests in item (4) "all" memoranda created by state and federal agents investigating the case. Fed. R. Crim. P. 16(a)(2) provides, "Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). The government represents it has produced, and will continue to produce, notes and memoranda discoverable under Fed. R. Crim. P. 16(a)(1)(A)-(D) and (F), and will produce information contained in such notes and memoranda pursuant to Fed. R. Crim. P. 26.1, the Jenks Act, and *Giglo*, within fourteen (14) days of trial. The government further represents it will produce information regarding its experts pursuant to Fed. R. Crim. P. 16(a)(1)(G), once the government designates its experts, if any. The Court finds the government's proposed disclosures comply with the applicable Federal Rules of Criminal Procedure and case law. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Compel Disclosure of Promises, Leniency or Preferential Treatment ([Filing No. 44](#)) is granted to the extent that the government must produce information pursuant to *Giglio v. United States*, [405 U.S. 150 (1972)](#) within fourteen (14) days of trial;

2. Defendant's Motion for Disclosure of Confidential Informants ([Filing No. 45](#)) is granted to the extent that the government has a continuing obligation to disclose to Defendant the identity of any confidential informants vital to Defendant's right to a fair trial, unless otherwise ordered by the Court; and

3. Defendant's Motion for List of Witnesses and Witness Statements ([Filing No. 46](#)) is granted in part, and in part denied, as set forth above.

Dated this 25th day of September, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR [59.2](#), any party may object to a magistrate judge's order by filing a statement of objections within fourteen (14) days after being served with the order. The party must specify the parts of the order to which the party objects and the legal basis of the objections. Failure to timely object may constitute a waiver of any objection.